## Noyes W. Wadsworth vs. Joseph Loranger.

*That a deed, absolute in its terms, may be proved by parole to have been intended by the par-* First Circuit.
*ties to operate only as a mortgage, cannot admit of a doubt.*

Where L. obtained from B. a loan of $150, for one year, and for security gave an absolute    Wadsworth
deed of certain premises, and B. soon after absconded and L. died, and the premises were sold    *vs.*
by L.'s administrator to W., subject to the incumbrance, and J. afterwards, with a full know-    Loranger.
ledge of all the facts, procured a deed from B.  It was held that the deed from L. to B.,
though absolute on its face, was only valid as a mortgage, and that J. having purchased of B.
with notice of the facts, could take no greater interest than B. had in the premises, and that
W. was entitled to redeem on payment of the amount due on the mortgage.

This was a bill to redeem from the defendant, a tract of land conveyed by Antoine Laselle to Thomas Bell, as a security for $150 loaned, and interest, September 20, 1829, by a deed absolute on the face, but by agreement at the time, merely a mortgage for the security for the money, $150 and interest, payable in one year.

The bill sets forth the agreement as above stated, and the deed of that date, September 20, 1829, under the agreement; that Bell, when the money became due, had left the country, and it was not known where he was or could be found; that Laselle was then ready and desired to pay the money and interest; that Laselle died about January 1, 1832, and Wolcott Lawrence was appointed his administrator; that about December 3, 1832, he was empowered to sell the real estate of Laselle to pay debts; the premises in question were sold to complainant for $2,129 90, paid by him, and January 7, 1833, a deed was duly executed to him; that the premises were sold subject to the mortgage, and complainant has been ever ready to pay the amount due; that Loranger, the defendant, with full knowledge of the nature of the conveyance to Bell, and the agreement with him, obtained privately and fraudulently from Bell, a deed of the premises.  The bill further alledges a continued and uninterrupted possession in Laselle, his representatives and the complainant.

The answer denies any knowledge of the transactions set forth in the bill, showing the deed to Bell to have been a mort-

First Circuit. gage,. and also of the derivative title of complainant from the representatives of Laselle. It admits the possession of the premises to have been always in Laselle and his representatives.

Wadsworth
vs.
Loranger.

D. GOODWIN, for complainant.

A deed absolute on the face of it, if made as a security for the payment of money loaned, is but a mortgage, and this may be shown by parole, and once a mortgage always a mortgage, until foreclosure, is the doctrine of courts of equity. 4 *Kent Com.*, 142–3, *and cases cited in note*; 2 *Barbour & Harrington Eq. Dig.*, 258, 263; 4 *Johns. Ch. R.*, 167; 6 *J. C. R.*, 417; 1 *Paige C. R.*, 48, 202, 263; 2 *Cowen R.*, 324; 5 *Paige C. R.*, 9.

A. D. FRAZER, defendant.

The CHANCELLOR. The facts are briefly these: about the 20th of September, 1829, Antoine Laselle obtained from Thomas Bell, a loan of $150 for one year, and for security gave a deed of the premises in question. That before the expiration of the time, Bell absconded, and his residence has not since been known. That Laselle has since died; that the property was sold and conveyed to complainant by the administrator of Laselle, subject to this incumbrance, on the 7th day of January, 1833. That defendant knew all these facts, but yet afterwards on the 5th of March, 1836, procured a deed from Bell. Loranger, the defendant, denies all knowledge of the fact that the deed from Laselle to Bell, was a security for a loan.

But from the continued possession of Laselle and his representatives, the proceedings in the attachment suit, which form a part of the exhibits in this cause, in which Laselle, in answer to the attachment, states the facts under oath, and in which suit Loranger was a party, from the evidence of Wolcott Lawrence, who states that he explained at that time the circumstances to the defendant, and from the positive evidence of Warner Wing, Esq., there can be no doubt that he was a purchaser with notice. It was objected to the testimony of Lawrence, that his evidence was a professional secret, and therefore ought not to be received. But it is not a *communi-*

cation from the client to the attorney, but information from the attorney to the client, informing him of the nature of Bell's title. It was information which, as an honast man, he was bound to give, and which he is now not only competent but bound to disclose. That a deed absolute in its terms, may be proved by parole to have been intended by the parties to operate only as a mortgage, cannot admit of a doubt. (*See Strong et. al.*, vs. *Stewart*, 4 *J. C. R.*, 167; *James* vs. *Johnson, &c.*, 6 *J. C. R.*, 417; *Van Buren* vs. *Olmstead et al.*, 5 *Paige, R.*, 9.)

The facts then being ascertained, and of these there can be but little doubt, it only remains to apply the law to the case, and in this there is little difficulty.

I must, therefore, declare that this deed, though absolute on its face, is only valid as a mortgage for the security of the loan from Bell to Laselle, and that Loranger being a purchaser with notice, can take no greater interest than Bell had in the premises, and that the complainant is entitled to redeem by the payment of the amount due, which by the testimony of Lawrence and Durocher, is proved to have been one hundred and fifty dollars at the date of the deed.

As to costs, Loranger purchased with a knowledge of the facts; he was wrong in refusing the money when tendered, and by denying any knowledge of the nature of Bell's title has put the complainant to the expense of proving his bill. The complainant is therefore entitled to recover his costs.